UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KHALEDUR RAHMAN,

      Plaintiff

v.

NATIONAL RECOVERY AGENCY,

      Defendant
_____/

**COMPLAINT**
Case No.: 17cv5553
Request for Jury Trial

Plaintiff, Khaledur Rahman ("Plaintiff"), by and through his attorney, Subhan Tariq, Esq., as and for his Complaint against the Defendant, National Recovery Agency, (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. § 1692 et seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff Khaledur Rahman is a resident of State of New York and currently resides at 123 Forbell Street, Brooklyn, NY 11208.

6. Defendant National Recovery Agency, is a company engaged in the business of collecting debts with a principal place of business located at 2491 Paxton Street, Harrisburg, PA 17111.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 USC § 1692a(30).

8. The Defendant is a "debt collector" as defined and used in the FDCPA under 15 USC § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1' through "8" herein with the same force and effect as if the same were set forth at length herein.

10. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

11. The Defendant was listed as collecting on his credit report, therefore the Plaintiff contacted them in order to obtain information on his account.

12. On April 7, 2017, the Plaintiff called the Defendant to obtain information about the account listed on his credit report.

13. After confirming the Plaintiff's identity and finding the account, the Defendant's representative stated: "How can I help you?"

14. Plaintiff stated: "Yes, I would like to dispute this account."

15. Defendant's representative stated: "What account?"

16. Plaintiff stated: "There is a bill for one hundred and something dollars. My medical is supposed to cover this amount."

17. Defendant's representative stated: "That's fine. You can dispute it. Dispute it with the credit bureau and let them know we no longer have it. Ok?"

18. Plaintiff stated: "Alright, so you guys don't have it in the file?"

19. Defendant's representative stated: "Contact the credit bureau, dispute it, and let them know that we no longer have it if you want it removed. Ok?"

20. Plaintiff stated: "Alright."

21. The call then ended.

22. The Defendant refused to grant the Plaintiff's request to dispute his account, despite the Plaintiff's repeated requests to do so.

23. These are clearly tactics to misinform, mislead, or deceive consumers about the nature and status of their account so as to assist the Defendant in its goal of collecting on debt from these consumers.

## CAUSES OF ACTION

### FIRST COUNT
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e - preface

24. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

25. 15 U.S.C. § 1692e – preface prohibits a debt collector from using false, deceptive, or misleading representation or means in connection with a debt collection.

26. Defendant is in violation of 15 U.S.C. §1692e – preface by refusing to grant the Plaintiff's request to dispute his account despite the Plaintiff's repeated requests to do so and informing the Plaintiff that he had to contact the credit bureau in order to dispute his account.

27. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND COUNT
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(8)

28. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

29. 15 U.S.C. § 1692e(8) prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

30. Defendant is in violation of 15 U.S.C. §1692e(8) by refusing to grant the Plaintiff's request to dispute his account despite the Plaintiff's repeated requests to do so and informing the Plaintiff that he had to contact the credit bureau in order to dispute his account.

31. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## THIRD COUNT
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(10)

32. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33. 15 U.S.C. §1692e(10) prohibits a debt collector from making any false representation or deceptive means to collect a debt or obtain information about a consumer.

34. The Defendant is in violation of 15 U.S.C. §1692e(10) by refusing to grant the Plaintiff's request to dispute his account despite the Plaintiff's repeated requests to do so and informing the Plaintiff that he had to contact the credit bureau in order to dispute his account.

35. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## FOURTH COUNT
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692f – preface

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "35" herein with the same force and effect as if the same were set forth at length herein.

37. 15 U.S.C. § 1692f – preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

38. The Defendant violated 15 U.S.C. § 1692f – preface by refusing to grant the Plaintiff's request to dispute his account despite the Plaintiff's repeated requests to do so and

5

informing the Plaintiff that he had to contact the credit bureau in order to dispute his account.

39. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

40. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 U.S.C. § 1692(k)(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A)

C. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(B)

D. For attorneys' fees and costs provided and pursuant to 15 U.S.C. 1692k(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: September 21, 2017

        Respectfully submitted,

        __s/Subhan Tariq_____
        Subhan Tariq, Esq.
        Attorney I.D.# ST9597
        The Tariq Law Firm, PLLC
        **Attorney for Plaintiff**
        9052 171st Street
        Jamaica Estates, NY 11432
        Telephone: (516) 900-4529
        Facsimile: (516) 453-0490
        Email: subhan@tariqlaw.com

To:     National Recovery Agency
2491 Paxton Street
Harrisburg, PA 17111
(*via Prescribed Service*)

Clerk of the Court,
United States District Court
Eastern District of New York
255 Cadman Plaza E.
Brooklyn, NY 11201

(*For Filing Purposes*)